UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-24245-CIV-UNGARO

ULISES MOLINA, *et al.*,

    Plaintiffs,

v.

SMI SECURITY MANAGEMENT, INC.,

    Defendant

_____

## ORDER ON SERVICE OF PROCESS DEADLINES

THIS CAUSE is before the Court *sua sponte*.

THE COURT has considered the pertinent portions of the record, and is otherwise fully advised in the premises.

The Court's Order on Motion to Add Party Defendants (D.E. 43) granted Plaintiffs leave to file an amended complaint adding Defendants Jose Manuel Gonzalez, Maria Alejandra Diaz, Karina Aponte, Sereca Security Management, Inc., Sereca Corp., and JMG Insystem, Inc. and required that those defendants be served on or before April 30, 2012. On April 30, 2012, Plaintiffs filed a Notice of Filing Returns of Service and Service Updates (the "Notice") where they indicated that they had served Defendant Karina Aponte[1] and initiated efforts to serve Defendants Jose Manual Gonzalez,

---

[1] Defendant Aponte was personally served on April 23, 2012. Accordingly, her response to the Amended Complaint is due on or before May 14, 2012.

Defendant Maria Alejandra Diaz, JMG Insystem, Inc., Sereca Corp., and Sereca Security Corp., by substitute service, pursuant to Florida Statute 48.181. Plaintiffs did not file any return of service or non-service for Defendant Sereca Security Management, Inc. and did not indicate in their Notice what efforts they have made to serve this Defendant.

The Court finds the Notice to be deficient in several respects and will grant Plaintiffs only a brief extension of time to effectuate valid service on Defendants.

First, the Court is not persuaded that substitute service upon Defendants Jose Manual Gonzalez and Maria Alejandra Diaz pursuant to Section 48.181 is warranted. That section provides that the Secretary of State serves as the registered agent for nonresidents who conduct business in this state, and residents who conduct business in this state but conceal their whereabouts. Fla. Stat. § 48.181 (1). Here, Plaintiffs have not demonstrated that Gonzalez and Diaz are either non-residents or are concealing their whereabouts such that substitute service is appropriate. The returns of non-service Plaintiffs filed for Gonzalez and Diaz show that Plaintiffs' process server attempted personal service on Gonzalez and Diaz only twice, on two consecutive days, and at a business address. Apparently, Plaintiffs made no effort to serve these Defendants at their respective residences. Upon this

record, the Court is not persuaded that Section 48.181 is applicable to Defendants Gonzalez and Diaz. *See Delancy v.* Tobias, 26 So. 3d 77, 79 (Fla. 3d DCA 2010) (noting that, for purposes of Section 48.181, a plaintiff "must show by affidavit or otherwise that sufficient search and inquiry was actually made to ascertain that the defendant was concealing his whereabouts") (internal quotations omitted); *George Fisher, Ltd. v. Plastiline, Inc.*, 379 So. 2d 697, 699 (Fla. 2d DCA 1980) (party "who relies on [substituted service of process] has the burden of proving its availability under the circumstances of his case").

Nor does the Court see that Defendants JMG Insystem, Inc., Sereca Corp., or Sereca Security Corp. may be served pursuant to Section 48.181. In the Notice, Plaintiffs do not cite any authority for the proposition that Section 48.181 permits substitute service upon domestic corporations that no longer maintain a registered agent for service of process, such as Defendants JMG Insystem, Inc., Sereca Corp., or Sereca Security Corp.

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' deadline to serve and file returns of service on Defendants Jose Manuel Gonzalez, Maria Alejandra Diaz, Sereca Security Management, Inc., Sereca Corp., and JMG Insystem, Inc. is extended until May 18, 2012. If Plaintiffs are unable to serve

Defendants by this deadline, these Defendants will be dismissed without prejudice from this case without further notice.

DONE AND ORDERED in chambers at Miami, Florida this _7th__ day of May, 2012.

_____
URSULA UNGARO
UNTIED STATES DISTRICT JUDGE

Copies to: counsel of record